**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEYs**

| | |
|---|---|
| WEST COAST LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., as Securities Intermediary, and DINA LOSH,<br><br>Defendants. | Case No. 3:20-cv-04350 (BRM) (DEA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration (ECF No. 27) filed by Defendant Wells Fargo Bank, N.A. ("Defendant") pursuant to Local Civil Rule 7.1, seeking reconsideration of this Court's January 29, 2021 Opinion and Order (ECF Nos. 24 and 25), which denied Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). West Coast Life Insurance Company ("Plaintiff") opposes the motion. (ECF No. 28.) Having reviewed the filings submitted in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth herein and for good cause shown, Defendant's Motion for Reconsideration is **DENIED**.

## I. BACKGROUND

The underlying facts are set forth at length in the Court's January 29, 2021 Opinion (ECF No. 24), from which Defendant seeks reconsideration. In the interest of judicial economy,

the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute. (*See id.*)

On April 15, 2020, Plaintiff sought declaratory judgment (for both illegal human life wagering contract and lack of insurable interest) against Defendant and asserted claims for fraudulent inducement, fraud, negligent misrepresentation, and breach of contract against Defendant Dina Losh. (ECF No. 1 ¶¶ 33–61.) On June 3, 2020, Defendant moved to dismiss the Complaint for lack of jurisdiction, or, in the alternative, to transfer venue to the Eastern District of New York. (ECF No. 8.) On January 29, 2021, the Court denied Defendant's Motion to Dismiss. (ECF No. 24.) On February 12, 2021, Defendant filed a Motion for Reconsideration of the Court's January 29, 2021 Order and Opinion, or, alternatively, a Motion to Certify for Immediate Interlocutory Appeal. (ECF No. 27.) On March 1, 2021, Plaintiff opposed the motion. (ECF No. 28.)

## II. LEGAL STANDARDS

### A. Motion for Reconsideration

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *see also Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010). The comments to that rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the

case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. V. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* (citing *Grape*, 549 F.3d at 603–04).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, [] and should be dealt with through the normal appellate process[.]") (citations omitted); *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988).

### B. Motion to Certify for Immediate Interlocutory Appeal

Defendant requests this Court certify its January 29, 2021 Opinion for immediate interlocutory appeal if it either chooses not to reconsider its opinion or adheres to it. (ECF No. 27-1 at 14–15.) The statute governing interlocutory appeals, 28 U.S.C. § 1292(b), provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order[.]

28 U.S.C. § 1292(b).

Therefore, a district court may certify a non-final order for interlocutory appeal where the order "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for a difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (internal quotation marks omitted). "Generally speaking, an order finding personal jurisdiction is interlocutory and non-appealable." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 149 (3d Cir. 2001).

"The burden is on the movant to demonstrate that all three requirements are met." *Piacentile v. Thorpe*, Civ. A. No. 12-7156, 2016 WL 3360961, at *2 (D.N.J. June 8, 2016) (quoting *Litgo N.J., Inc. v. Martin*, Civ. A. No. 06-2891, 2011 WL 1134676, at *2 (D.N.J. Mar. 25, 2011)). However, "even if all three criteria . . . are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Id.* (quoting *Morgan v. Ford Motor Co.*, Civ. A. No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007)). Further, § 1292(b) "is

to be used sparingly and only in exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *Acosta v. Pace Loc. I-300 Health Fund*, Civ. A. No. 04-3885, 2007 WL 1074093, at *1 (D.N.J. Apr. 9, 2007) (quoting *Morgan*, 2007 WL 269806, at *2 (internal quotation marks omitted)); *see also Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (stating that interlocutory appeal is "used sparingly" since it is "a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation") (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982) (internal quotation marks omitted)).

## III. DECISION

### A. Defendant's Motion for Reconsideration

Defendant argues reconsideration of the Court's decision to deny Defendant's Motion to Dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue to the Eastern District of New York. Defendant argues (1) the Court's jurisdictional finding was based on the contacts of the trust rather than on those of Securities Intermediary, and (2) the Court impermissibly based its decision on successor jurisdiction. (ECF No. 27-1 at 7–13.) Plaintiff argues the Court has personal jurisdiction over Defendant and did not base its finding of personal jurisdiction on successor jurisdiction. (ECF No. 28 at 5–10.)

Defendant does not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision. Therefore, Defendant's motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. (*See generally* ECF No. 27-1.)

The Court denied Defendant's Motion to Dismiss because of its connections to New Jersey. Specifically, the Court observed: (i) the trust application was printed on New Jersey forms; (ii) the

Trust, listed as the Policy owner, stated its address was in Lakewood, New Jersey; (iii) the application was signed in Lakewood, New Jersey by the Trustee, Ms. Waldman, and Ms. Losh; and (iv) the Declaration of the Trust stated it was to be governed by New Jersey law. (ECF No. 24 at 11.)

Defendant contends this Court's reliance on *Lincoln Benefit*[1] for finding personal jurisdiction is misplaced because "in that case, the trust that originally owned the subject policy was a defendant because it was still a partial beneficiary of the policy. Thus, unlike here, in [*Lincoln Benefit I*] the trust's actions arguably had some relevance." (ECF No. 27-1 at 8.) The court in *Lincoln Benefit I* found it had personal jurisdiction over both Wells Fargo and the underlying trust. *See* 2017 WL 4953904, at *4. Regardless, Defendant argues this Court impermissibly relied on *Lincoln Benefit I* because in that case, the court based its finding of personal jurisdiction over the defendant on the doctrine of successor liability. (ECF No. 27-1 at 3.) Importantly, the court in *Lincoln Benefit I* found it had personal jurisdiction over the defendant based on successor jurisdiction *and* its minimum contacts with the forum state. *Lincoln Benefit I*, 2017 WL 4953904, at *4 ("Aside from successor jurisdiction, Wells Fargo's relation to the New Jersey policy gives rise to personal jurisdiction. Like the Klugman Trust . . . Wells Fargo owns and holds a significant interest in a policy that on its face is governed by New Jersey law."). Just as in *Lincoln Benefit I*, the policy at issue here is governed by New Jersey law. *Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N.A.,* Civ. A. No. 145789, 2016 WL 5746352, at *8–9 (D.N.J.

---

[1] There are two *Lincoln Benefit* decisions relevant to this motion: (1) *Lincoln Benefit Life Co. v. Wells Fargo Bank, N.A.*, Civ. A. No. 17-02905, 2017 WL 4953904 (D.N.J. Nov. 1, 2017) [hereinafter *Lincoln Benefit I*] (denying defendants' motions to dismiss for lack of personal jurisdiction) and (2) *Lincoln Benefit Life Co. v. Wells Fargo Bank, N.A.*, Civ. A. No. 17-02905, 2017 WL 6539244 (D.N.J. Dec. 20, 2017) [hereinafter *Lincoln Benefit II*] (denying defendant's motion for reconsideration, or in the alternative, motion to certify for immediate interlocutory appeal). The Court merely provides the names *Lincoln Benefit I* and *II* to avoid confusion.

Sept. 30, 2016), *aff'd sub nom. Sun Life Assurance Co. of Canada v. Wells Fargo Bank NA*, 779 F. App'x 927 (3d Cir. 2019) (finding policy issued to a New Jersey trust and signed in New Jersey was governed by New Jersey law, despite the insured being domiciled in New York). Therefore, without relying on successor jurisdiction, this Court has personal jurisdiction over Defendant. The Court's January 29, 2021 Opinion finding personal jurisdiction over Defendant therefore does not amount to "a clear error of law or fact." *United States ex rel. Schumann*, 769 F.3d at 848–49.

Defendant also relies on *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003) to argue the Court erred in focusing on the trust's contacts with New Jersey. (ECF No. 27-1 at 9.) That is, Defendant argues it is merely an assignee of a private contract which requires Plaintiff to establish independent personal jurisdiction over Defendant. (*See id.*) This exact argument has been rejected when, as here, the underlying contract is a life insurance policy. *See Lincoln Benefit II*, 2017 WL 6539244, at *5. Defendant contends "the District of New Jersey acknowledged, and did not dispute, the holding in *Purdue*." (ECF No. 27-1 at 9 (citing *Thomas-Fish v. Aetna Steel Prod. Corp.*, Civ. A. No. 17-10648, 2019 WL 2354555, at *2 (D.N.J. June 4, 2019)).) However, *Thomas-Fish* is distinguishable because there was no underlying life insurance policy that could establish personal jurisdiction. *See* 2019 WL 2354555, at *2–3. Importantly, the court in *Thomas-Fish* explicitly noted *Lincoln Benefit II* distinguished *Purdue* on its facts. 2019 WL 2354555, at *2 n.6; *see also Lincoln Benefit II*, 2017 WL 6539244, at *3 ("Taking a holistic approach as the *Burger King* Court did, . . . the Court emphasizes the unique nature of a life insurance policy that takes a direct interest in and guarantees the life of an individual.").

Further, Defendant contends "[i]t appears that the Court reached its decision by following the doctrine of successor jurisdiction" which "is inapplicable here." (ECF No. 27-1 at 11.) While Plaintiff previously argued successor jurisdiction rendered Defendant subject to personal

jurisdiction (ECF No. 14 at 25–27), the Court explicitly stated it did not address that argument. (*See* ECF No. 24 at 15 n.5 ("[T]he Court will not address [Plaintiff's successor jurisdiction arguments] because it has already found there is personal jurisdiction over Defendant.").) Defendant asserts here, just as it did in *Lincoln Benefit II*, that successor jurisdiction is inapplicable because the doctrine "is a limited doctrine, which applies only in the corporate merger or acquisition context, or when a fraudulent transfer triggers alter ego liability." (ECF No. 27-1 at 11; *see also Lincoln Benefit II*, 2017 WL 6539244, at *4 ("Wells Fargo also claims that the theory of successor jurisdiction is inappropriately applied here, arguing that the theory is limited to the corporate context and that it is more aptly described as an assignee, not a successor.").) However, the court in *Lincoln Benefit II* rejected this argument and found successor jurisdiction could be applied outside of the corporate context. 2017 WL 6539244, at *4–5 (noting "[w]hile the Court is well aware of the limited application of [successor jurisdiction], this case is a suitable parallel to corporate cases and fits within the standard set forth by the Third Circuit" and finding "the case of a life insurance policy is distinguishable, and on this basis, successor jurisdiction is apt.").

Defendant argues *Lincoln Benefit II* is distinguishable because there, "the trust that originally owned the subject policy was a defendant because it was still a partial beneficiary of the policy." (ECF No. 27-1 at 8.) Even so, the Court in *Lincoln Benefit II* did not base its finding of personal jurisdiction solely on Wells Fargo's assumption of the trust's benefits and liabilities. *Lincoln Benefit*, 2017 WL 6539244, at *4 ("Beyond these liabilities and benefits, owning this policy also affords Wells Fargo the benefits and protections of a New Jersey insurance policy . . . and now, Wells Fargo endeavors to litigate on this asset."). In sum, Defendant has not demonstrated this Court committed error such that its motion for reconsideration should be granted. Accordingly, Defendant's Motion for Reconsideration is **DENIED**.

### B. Defendant's Motion to Certify for Immediate Interlocutory Appeal

Because the Court is denying Defendant's Motion for Reconsideration, the Court will review Defendant's request that the Court certify its January 29, 2021 Opinion for immediate interlocutory appeal. (ECF No. 27-1 at 14.) As discussed, a district court has discretion to certify a non-final order for interlocutory appeal, such as this Court's denial of Defendant's Motion to Dismiss for lack of personal jurisdiction, if the order "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Katz*, 496 F.2d at 754 (internal quotation marks omitted).

Defendant argues "the Court's application of the doctrine of successor jurisdiction to Securities Intermediary here involves a controlling question of law for which there is substantial difference of opinion." (ECF No. 27-1 at 14–15.) Additionally, Defendant contends "an immediate appeal would materially advance the ultimate termination of this action" because "a reversal by the Third Circuit would result in a dismissal of this case, possibly avoiding a waste of judicial resources in this action." (*Id.* at 15.) Plaintiff argues "any appeal on successor jurisdiction would amount to an impermissible advisory opinion" because the Court "found that it had personal jurisdiction over [Defendant] due to [its] purposefully directed activities directed to New Jersey" and "expressly did not find personal jurisdiction over [Defendant] by application of successor jurisdiction." (ECF No. 28 at 11 (citing ECF No. 24 at 10–13, 15 n.5).)

The Court agrees with Plaintiff. The Court did not, and does not here, find personal jurisdiction over Defendant based on successor jurisdiction. (ECF No. 24 at 10–13.) The Court based its finding of personal jurisdiction over Defendant on Defendant's contacts with New Jersey—namely, reaching out and acquiring an interest in a New Jersey life insurance policy

governed by New Jersey law. (*See id*; *see also supra* section III.A.) Therefore, Defendant has failed to carry its burden of demonstrating all three requirements for immediate interlocutory appeal are met. *See Litgo N.J., Inc.*, 2011 WL 1134676, at *2. Even if it had met this burden, the Court would still retain discretion to deny Defendant's request. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present.") (citation omitted). Accordingly, Defendant's request that this Court certify its January 29, 2021 Opinion for immediate interlocutory appeal is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Reconsideration and request for immediate interlocutory appeal are **DENIED.** An appropriate order follows.

**Date: July 1, 2021**

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**